644

Circuit Court of Appeals, Fourth Circuit.
June 11, 1934.

Robert Ash, of Washington, D. C., and Albert J. Fleischmann, of Baltimore, Md., for petitioner.

John MacC. Hudson, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PARKER and SOPER, Circuit Judges, and COLEMAN, District Judge.

SOPER, Circuit Judge.

The question presented by this petition for review is whether the petitioner, a Maryland corporation, organized in 1926, is entitled under section 206 (b) of the Revenue Act of 1926, 44 Stat. 17, 26 USCA § 937 (b), to deduct from its income in 1926 the net losses sustained by a New York corporation in 1924 and 1925, in view of the fact that the Maryland corporation continued the same business and had the same officers and the same stockholders in the same proportion as the New York corporation. The material facts may be summarized as follows:

May Burner, Incorporated, was incorporated in New York in October, 1923, with an organized capital of $20,000, consisting of 200 shares of common stock of a par value of $100 each, which capital stock was increased in 1924 to 5,000 shares of common stock of the par value of $100 each. The name of the corporation was subsequently changed to May Oil Burner Corporation of New York. The primary purpose of the corporation was to manufacture, sell, and install oil burners and oil-burning equipment, and it had broad powers of holding property, borrowing money, and otherwise carrying out its purposes.

The New York corporation lost money during 1923, 1924, and 1925, and in the spring of 1925 it moved its factory from Long Island, N. Y., to Baltimore, Md. On January 21, 1926, the petitioner was incorporated under the laws of Maryland, with substantially the same powers as those of the New York corporation, and others in addition. The certificate of incorporation stated that the purpose of its formation was to acquire, operate, and dispose of all the business and properties of the New York corporation; to make payment therefor by the issuance of preferred and common stock, and to assume all of the franchises, contracts, liabilities, and obligations of the New York corporation. The authorized capital stock of the Maryland Company was 300,000 shares of stock, consisting of 50,000 shares of 7 per cent. cumulative preferred A, of the par value of $10, redeemable at $10.50 per share, having no voting power except after dividend arrears for two years; 50,000 shares of 7 per cent. cumulative preferred B at $10, redeemable at $11 per share, having voting power, and 200,000 shares of common stock without par value. Both classes of preferred stock were convertible into common, share for share. Shortly after its organization, the Maryland corporation took over the assets and assumed the liabilities of the New York corporation, and issued to the latter's stockholders 10 shares of the common stock of the Maryland Company for each share of the stock of the New York Company. The new corporation had the same officers, the same stockholders in the same proportions, and carried on the same business as the old. The new corporation was organized, because it was more expedient that the business be carried on by a Maryland corporation, in that the officers were all residents of Maryland, the business was conducted there, foreign corporation taxes were eliminated, credit was more easily obtained in Maryland, and there were statutory advantages in case of litigation. The New York corporation has not been dissolved, but it has no assets, and it has not engaged in business since the Maryland corporation was formed.

The New York corporation filed its separate income tax return for 1925, and the Maryland corporation filed its separate return for 1926. The net worth of the Maryland corporation, as shown by its opening balance

sheet for 1926, was $19,246.44 less than the net worth of the New York corporation, as shown by its closing balance sheet for 1925. The difference resulted chiefly from the omission from the statement of the Maryland corporation of good will as an asset in the amount of $154,365.90 and of loans payable in the sum of $134,222.59 which appeared in the statement of the New York corporation. The Maryland corporation has made a profit each year since its organization. The Maryland corporation claimed as a deduction in computing its net income for 1926 an aggregate net loss of $85,540.71 sustained by the New York corporation during the years 1924 and 1925. The Commissioner disallowed the deduction on the ground that the net loss claimed was not sustained by the Maryland corporation but by a separate corporation and taxpayer, and this determination was sustained by the Board of Tax Appeals. The result of the decision was to increase the amount of the income taxes of the petitioner for the year 1926 in the amount of $11,705.91.

The decision of the Board is in accord with the decision of the Supreme Court of the United States in New Colonial Ice Company, Inc., v. Helvering, Commissioner of Internal Revenue, 54 S. Ct. 788, 791, 78 L. Ed. —, decided May 28, 1934. In that case, as in the pending case, all the assets and business of an older corporation were taken over by a new corporation especially organized for the purpose, and having substantially the same capital structure, in exchange for a portion of its stock, which was distributed by the older corporation among the latter's stockholders, share for share, thereby retiring the old shares; and the question was whether the new corporation was entitled, in computing its taxable income for the succeeding period, to deduct from its net income for that period net losses sustained by the older corporation in the preceding period. The taxpayer contended that it was entitled to the deduction under section 204 (b) of the Revenue Act of 1921 (42 Stat. 231), on the grounds that the continuity of the business was not broken by the transfer, that the ultimate parties in interest were substantially the same after the transfer as before, and that, for all practical purposes, the new corporation was the same entity as the old, and therefore the same taxpayer. The Supreme Court, however, held that these reasons were insufficient. It said:

"As a general rule a corporation and its stockholders are deemed separate entities and this is true in respect of tax problems. Of course, the rule is subject to the qualification that the separate identity may be disregarded in exceptional situations where it otherwise would present an obstacle to the due protection or enforcement of public or private rights. But in this case we find no such exceptional situation—nothing taking it out of the general rule. On the contrary, we think it a typical case for the application of that rule."

The decision of the Board of Tax Appeals is affirmed.